MEMO ENDORSED



# COZEN
# O'CONNOR.

A PROFESSIONAL CORPORATION

16TH FLOOR   45 BROADWAY ATRIUM   NEW YORK, NY 10006

212.509.9400   1.800.437.7040   212.509.9492 FAX   www.cozen.com

September 4, 2012

**Kenneth G. Roberts**
Direct Phone  212-883-4914
Direct Fax      877-836-0591
kroberts@cozen.com

**BY EMAIL (ALCarterNYSDChambers@nysd.uscourts.gov)**

Hon. Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-11-12
```

Re:   *U.S. Bank Nat'l Ass'n v. Institutional Financial Markets, Inc.*
       12-cv-5099 (ALC)

Dear Judge Carter:

We represent defendant Institutional Financial Markets, Inc. ("IFMI") in the above-referenced action. Pursuant to Rule 2A of Your Honor's Individual Practice Rules, we respectfully request that the Court schedule a pre-motion conference for IFMI's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). As detailed below, the complaint fails to state a claim because it is premised on purported annual fee agreements which are unenforceable because they fatally lack an essential term – the amount of the annual fee.

**A.   The Alleged Fee Agreements Are Unenforceable**

It is axiomatic that a contract may be enforced only if it is sufficiently definite as to its material terms. *Express Indus. and Terminal Corp. v. N.Y. State Dep't of Transp.*, 93 N.Y.2d 584, 589 (1999); *Martin Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105, 109 (1981).[1] The New York Court of Appeals requires contracting parties to set down their terms with requisite definiteness:

> "[B]efore the power of law can be invoked to enforce a promise, it
> must be sufficiently certain and specific so that what was promised

---

[1]   The parties agreed that New York law would apply to their transactions without regard to conflicts of laws principles.

> can be ascertained. Otherwise, a court, in intervening, would be imposing its own conception of what the parties should or might have undertaken, rather than confining itself to the implementation of a bargain to which they have mutually committed themselves. Thus, definiteness as to material matters is of the very essence in contract law."

*Martin Delicatessen*, 52 N.Y. 2d at 109.

The complaint in the case at bar seeks an annual fee allegedly owing under purported fee agreements, yet the complaint does not allege – because the purported fee agreements do not contain – an agreement between the parties as to the amount of the annual fee allegedly owing under each agreement. The only mention in the complaint of the amount of the annual fee is in paragraph 18, which provides in full: "The annual TruPS Trustee Fee, which is an administration fee, consists in most instances of $3,000 per year per TruPS transaction. In some transactions, the TruPS Trustee Fee is $1,500 per year." The complaint does not allege – because the purported agreements do not contain – any agreement between the parties as to those amounts or any other amount.

"Price or compensation are material terms in a contract requiring definiteness." *Major League Baseball Props, Inc. v. Opening Day Prods., Inc.*, 385 F.Supp.2d 256, 271 (S.D.N.Y. 2005) (citing *Cooper Square Realty, Inc. v. A.R.S. Mgmt. Ltd.*, 181 A.D.2d 551, 551 (1st Dep't 1992) ("As price is an essential ingredient of every contract for the rendering of services, an agreement must be definite as to compensation").

A missing price term invalidates a contract unless "the amount can be determined objectively without the need for new expressions by the parties." *Cobble Hill Nursing Home, Inc. v. Henry and Warren Corp.*, 74 N.Y.2d 475, 483 (1989) (holding that a missing term in an agreement may be ascertained by reference to "commercial practice or trade usage"). Significantly, however, "custom and usage evidence must establish that the omitted term is 'fixed and invariable' in the industry in question." *Hutner v. Greene*, 734 F.2d 896, 900 (2d Cir. 1984), quoting *Belasco Theatre Corp. v. Jelin Productions, Inc.*, 270 A.D. 202, 205 (1st Dep't 1945). Here, the complaint does not allege that the annual fees were "fixed and invariable" (*id.*) – rather, it alleges that the fees range from $1,500 to $3,000 without alleging any basis for (or agreement on) the amounts. Compl. ¶ 18. *See Hutner*, 734 F.2d at 900 (industry standard that was only "frequently, rather than invariably," used "does not supply the certainty required by New York law;" contract held unenforceable).

Because the complaint fails to plead a meeting of the minds on a material term, the purported contracts are unenforceable and the breach of contract claim must be dismissed. *Swan Media Group, Inc. v. Staub*, 841 F.Supp.2d 804, 808 (S.D.N.Y. 2012) (dismissing breach of contract claim where alleged contract was indefinite as to material terms and the court could not "ascertain what the parties intended"); *Cain v. Simon & Schuster, Inc.*, 2012 WL 2574747, at *3 (S.D.N.Y. Jul. 3, 2012) (dismissing breach of contract claim where the complaint failed to allege material contractual terms and therefore failed to allege existence of a contract); *Tierney v.*

Hon. Andrew L. Carter, Jr.
September 4, 2012
Page 3

---

*Omnicom Group Inc.*, 2007 WL 2012412, at *5 (S.D.N.Y. Jul. 11, 2007) (dismissing breach of contract claim where alleged contract was missing "critical elements"); *Kosower v. Gutowitz*, 2001 WL 1488440, at *5 (S.D.N.Y. Nov. 21, 2001) (dismissing breach of contract claim where alleged agreement "is indefinite with respect to the material term of the amount of profit sharing;" therefore, it was "clear that there was never a meeting of the minds with respect to the [missing material term]"); *Caniglia v. Chicago Tribune-NY News Syndicate Inc.*, 204 A.D.2d 233, 234 (1st Dep't 1994) (breach of contract claim dismissed without leave to replead where alleged services contract was indefinite as to material terms, including "the rate of compensation").

In short, because the complaint alleges an unenforceable contract, it fails to state a claim on which relief may be granted.

### B. The Complaint Should Be Dismissed With Prejudice Because an Amendment Would Be Futile

The complaint should be dismissed with prejudice because the alleged fee agreements are subject to the Statute of Frauds, which prevents plaintiff from supplying the missing essential term through extrinsic evidence. Amendment of the complaint would therefore be futile.

The alleged annual fee is allegedly owing through the year 2037. Compl. ¶¶ 17, 38. The alleged fee agreements are therefore not to be performed within one year – which makes them subject to the Statute of Frauds.[2] N.Y.G.O.L. § 5-701(a)(1); *City of Yonkers v. Otis Elevator Co.*, 649 F.Supp. 716, 727 (S.D.N.Y. 1986) (Statute of Frauds applies to agreement which, by its terms, did not permit defendant to discharge its obligations within one year).

To satisfy the Statute of Frauds, a writing must set forth all the essential terms of the parties' agreement. *Miller v. Tawil*, 165 F.Supp.2d 487, 494 (S.D.N.Y. 2001) (dismissing breach of contract claim where essential term was omitted from the agreement), citing *Bodner v. FDIC*, 162 F.3d 1147, at *3 (2d Cir. 1998); *Kobre v. Instrument Sys. Corp.*, 54 A.D.2d 625, 625 (1st Dep't 1976), *aff'd* 43 N.Y.2d 862 (1978) (the writing must "contain substantially the whole agreement, and all its material terms and conditions"). A term is "'essential' and must thus appear in the 'memorandum,' if it seriously affects the rights and obligations of the parties." *Miller*, 165 F.Supp.2d at 494, quoting *Ginsberg Machine Co. v. J&H Label Processing Corp.*,

---

[2] New York General Obligations Law § 5-701(a)(1) provides:

Agreements required to be in writing. a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: 1. By its terms is not to be performed within one year from the making thereof….

Hon. Andrew L. Carter, Jr.
September 4, 2012
Page 4

---

341 F.2d 825, 828 (2d Cir. 1965).[3] The amount of the fee is obviously an essential term in a fee agreement. *Argent Elec., Inc. v. Cooper Lighting, Inc.*, 2005 WL 2105591 *5 (S.D.N.Y. Aug. 31, 2005) (commission agreement failed to satisfy Statute of Frauds where "it lacks a material term, *i.e.*, the commission").

Where, as here, an agreement must satisfy the Statute of Frauds, "[e]xtrinsic evidence may not be used to meet the statute's threshold requirements where the agreement is clearly insufficient on its face.... Accordingly, plaintiff is barred from...relying on extrinsic evidence...to supplement missing or incomplete terms of the contract." *Four Star Capital Corp. v. Nynex Corp.*, 183 F.R.D. 91, 102 (S.D.N.Y. 1997); *Weissman v. Seiyu, Ltd.*, 2000 WL 666338, at *4, 6 (S.D.N.Y. May 22, 2000) (leave to replead would be futile because parol evidence cannot be used to cure Statute of Frauds deficiency).

Thus, the complaint should be dismissed with prejudice. It may be of significance to the Court that, as mentioned in the complaint, alternative sources of payment for the fees are available to plaintiff (Compl. ¶ 21); therefore, dismissal with prejudice will not leave plaintiff without a remedy.

Respectfully submitted,

COZEN O'CONNOR

By: /s/ Kenneth G. Roberts
      Kenneth G. Roberts

*A pre-motion conference is scheduled for 9/27/12 at 11:00a.m. So Ordered.*

/s/ Andrew L. Carter
9-11-12

cc (*by email*): Kathleen M. Lamanna, Esq.
                 Karen T. Staib, Esq.

---

[3] *Ginsberg* was decided after trial and therefore included in its view as to whether the contract term was "essential" the factor that "a significant evidentiary dispute" existed as to the content of the term. 341 F.2d 825 at 828. When the district court in *Miller* quoted *Ginsberg*, it omitted that factor from "essentiality" because, as in the case at bar, the motion in *Miller* was on the pleadings, not after trial. *See Lauter v. W&J Sloane, Inc.*, 417 F.Supp. 252, 260 n.8 (S.D.N.Y. 1976) (rejecting *Ginsberg's* "evidentiary dispute" criterion because it "is unsupported by any citation to New York authority and, as our discussion reflects, we have found none to support it").

**SHIPMAN & GOODWIN LLP**

COUNSELORS AT LAW

Kathleen M. LaManna
Phone: (860) 251-5603
Fax: (860) 251-5218
klamanna@goodwin.com



RECEIVED
SEP 07 2012
ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE
S.D.N.Y.

September 7, 2012

**BY EMAIL (ALCarterNYSDChambers@nysd.uscourts.gov)**

Hon. Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re: *U.S. Bank National Association v. Institutional Financial Markets, Inc.*, 12-cv-5099 (ALC): Plaintiff's Response To Defendant's Request For Pre-Motion Conference Regarding Defendant's Motion to Dismiss

Dear Judge Carter:

Our firm represents the plaintiff, U.S. Bank National Association, as trustee, ("U.S. Bank") in the above action. In accordance with this Court's Individual Rules, we write to provide U.S. Bank's response to the September 4, 2012 letter submitted by defendant Institutional Financial Markets, Inc. ("IFMI") requesting a pre-motion conference regarding its intended motion to dismiss the complaint filed by U.S. Bank in this case (the "Complaint").

U.S. Bank wholly disputes defendant's fundamental contention that the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Contrary to defendant's assertions, the obligations of IFMI f/k/a Cohen & Company are enforceable. The intention of the parties as reflected in the Complaint, the allegations therein and the operative agreements between the parties, is clear and the contractual obligations of the defendant under the relevant agreements are enforceable. The amount of the fees outstanding was clearly established between the parties to the transaction and there was a definite "meeting of the minds" as to the fees that are due from IFMI. The agreements at issue are sufficiently specific as to terms and the fees to which U.S. Bank

Hon. Andrew L. Carter, Jr.
September 7, 2012
Page 2

is entitled are sufficiently definite so as to be enforceable. Moreover, the reasonable intention and expectation of the parties, and of course justice, dictate enforcement of the contract. Despite defendant's efforts to attempt to find some way to avoid its obligations, the terms were clearly understood by the parties to the agreements, and defendant should be held to its end of the bargain. If defendant chooses to file the motion described and pursue the position set forth in its letter to the Court, U.S. Bank will vigorously oppose such motion and the legal issues will have to be brought before the Court. U.S Bank is prepared to fully brief the issues raised at that time.

In short, therefore, U.S. Bank's position is that the subject of the proposed motion is not one that can be resolved by agreement at this time and the issues involved cannot otherwise be narrowed. U.S. Bank does not dispute IFMI's right to file any such motion to dismiss, and is prepared to oppose such motion under a briefing schedule to be established by the Court.

Very truly yours,

Kathleen M. LaManna

cc: Kenneth G. Roberts, Esq. (Counsel for IFMI)
    Tamar S. Wise (Counsel for IFMI)

2452380v2